UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

| | |
|---|---|
| **LONNIE BASSETT,** <br><br> **Plaintiff,** <br><br> v. <br><br> **LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,** <br><br> **Defendant.** | Civil Action No. 4:19-CV-73-JHM <br><br> **COMPLAINT** |

### Introduction

1. This complaint seeks legal and equitable damages arising from and relating to a long-term disability policy insured by Defendant.

2. The headings contained in this complaint are intended only to assist in reviewing the statements and allegations contained herein.  To avoid the unnecessary repetition in each section, Plaintiff hereby affirms and incorporates each paragraph in each section of this amended complaint as though fully set forth therein.

3. The factual allegations found in this amended complaint are not exhaustive, and are presented throughout this complaint so as to provide the requisite notice of the basis for Plaintiff's allegations.

### Jurisdiction & Venue

4. This Court has subject matter jurisdiction over the claims asserted in this action for monetary and equitable relief under Federal Question Jurisdiction pursuant to 28 U.S.C. § 1331 and the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(e)(1) and § 1132(f).

5. Venue is appropriate in the United States District Court for the Western District

of Kentucky pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391.

## Parties

6. Plaintiff Lonnie Bassett is a citizen of the United States, a resident of the Commonwealth of Kentucky, and an insured participant under the long-term disability ("LTD") insurance policy at issue in this lawsuit.

7. Defendant Liberty Life Assurance Company of Boston is the insurer of the long-term disability policy at issue in this lawsuit.  Liberty does business as an admitted insurer, and can be regularly found operating, within the Commonwealth of Kentucky.

## Facts

8. Mr. Bassett is insured under an LTD policy insured by Liberty.

9. Mr. Bassett ceased work in June 2017 because of the physical limitations resulting from his disabling conditions and corresponding treatment regimen.  Subsequent to ceasing work, Mr. Bassett has remained continuously disabled and unable to physically perform the duties necessary to engage in full-time gainful employment.

10. Liberty agreed Mr. Bassett was disabled and provided him with LTD benefits from December 2017 through December 2018.  Despite his physical inability to return to his occupation or any gainful employment, and absent any improvement in his disabling condition, Liberty terminated his claim for any further LTD benefits.

11. Mr. Bassett has met and continues to meet the requirements of the insurance policy necessary to continue receiving monthly LTD benefits

12. In administering Mr. Bassett's LTD claim, Liberty actively sought to terminate his LTD benefits.

13. Mr. Bassett timely appealed Liberty's decision.  However, on March 28, 2019, Liberty upheld its prior decision to terminate his continued LTD benefits.

14. At all times relative hereto, Liberty has been operating under an inherent and structural conflict of interest because any disability benefits provided to Mr. Bassett are paid from Liberty's own assets with each payment depleting those same assets.

15. Liberty's corporate culture pressures claims personnel to terminate claims as well as to deny appeals in order to reduce disability benefits it must provide.

16. Employees who save Liberty money by terminating or denying claims are more likely to be rewarded (e.g. with favorable employment reviews, promotions, raises, and bonuses) compared with those who do not.

17. Mr. Bassett has exhausted his administrative remedies.

18. Mr. Bassett's complaint is timely and is not otherwise time barred.

## Claims

**A.     Breach of Contract**

19. The LTD policy constitutes a written contract.

20. Liberty breached the terms of the insurance contract by, among other things, improperly terminating Mr. Bassett's LTD benefits.

21. Liberty's contractual breaches damaged Mr. Bassett, not only in the loss of his LTD benefits, but also in the loss of earnings on the unpaid benefits, the loss of opportunity, and attorneys' fees and costs incurred.

22. 29 U.S.C. §§1132(a) is the enforcement mechanism permitting Mr. Bassett to enforce the contractual terms of the insurance policy, to receive reinstatement and payment of past-due disability benefits, to obtain declaratory relief, and to obtain other appropriate equitable relief including, but not limited to, surcharge, make-whole relief, and disgorgement.

**B.     Attorneys' Fees & Costs**

23. As a result of Liberty's conduct, Mr. Bassett has incurred attorneys' fees and

costs.

24. 29 U.S.C. §1132(g) is the enforcement mechanism permitting Mr. Bassett to recover his reasonable attorneys' fees and costs.

## Prayer for Relief

25. Mr. Bassett requests the Court enter judgment in his favor and against Liberty on all claims asserted herein, to include legal and equitable relief as appropriate.

26. Mr. Bassett requests the Court award reasonable attorneys' fees and costs.

27. Mr. Bassett requests the Court award pre- and post-judgment interest at the greater of the prime rate, the policy rate, or the rate earned by Liberty on the unpaid benefits.

28. Mr. Bassett requests the Court award any and all other legal or equitable relief to which he may be entitled.

29. Mr. Bassett requests leave to amend the complaint as needed.

\* \* \* \* \* \* \* \* \* \*

Dated: July 2, 2019

Respectfully submitted,

s/ Andrew M. Grabhorn
Michael D. Grabhorn
*m.grabhorn@grabhornlaw.com*
Andrew M. Grabhorn
*a.grabhorn@grabhornlaw.com*
Grabhorn Law | Insured Rights™
2525 Nelson Miller Parkway, Suite 107
Louisville, KY  40223
p: (502) 244-9331
f: (502) 244-9334

*Counsel for Plaintiff*